**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| **JERROD COOPER** | **DOCKET NO. 5:16-CV-1706-P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **COLIN ROGERS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## MEMORANDUM ORDER

Pro se Plaintiff Jerrod Cooper filed the instant civil rights complaint (42 U.S.C. §1983) on December 12, 2016 (Doc. 1), and he was granted leave to proceed *in forma pauperis* on February 7, 2017 (Doc. 8). According to his complaint, Plaintiff is a pretrial detainee incarcerated at the Claiborne Parish Detention Center.  Plaintiff complains that he was arrested after an illegal traffic stopped, was subjected to excessive force, and denied medical treatment. Named as defendants are Officers Colin Rogers, Thomas Davis, Robbie Tucker, and the Homer Police Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## Factual Background

Plaintiff alleges that Defendant Rogers violated his constitutional rights by initiating an illegal traffic stop. Plaintiff alleges that Defendant Davis deployed a Taser unnecessarily. Plaintiff alleges that Defendant Davis also denied him medical treatment and forged Plaintiff's signature on a medical waiver form. (Doc. 1, p. 3).

## Instructions to Amend

Plaintiff complains that he was wrongfully stopped and arrested.  To prevail on a §1983 claim for false arrest, the plaintiff must show that the officers did not have probable cause to arrest him. See Haggerty v. Texas Southern Univ., 391 F. 3d 653, 655-56 (5th Cir. 2004); Brown v. Lyford,

243 F.3d 185, 189 (5th Cir. 2001) (The constitutional torts of false arrest and false imprisonment require a showing of no probable cause.); see also, Maier v. Green, 485 F. Supp. 2d 711 (W.D. La. 2007) (citations omitted). The plaintiff also has to show that he suffered an injury as a result of the false arrest.

Plaintiff should amend his complaint to state:

1.   the date of the "illegal traffic stop;"

2.   the reason provided for the traffic stop;

3.   what charges were brought resulting from the traffic stop, and whether the charges remain pending;

4.   whether a probable cause hearing or determination was made following his arrest;

5.   what injuries he suffered as a result of the arrest/tasing;

6.   whether he ever received any medical care for his injuries, and when the care was provided; and

7.   how Officer Robbie Tucker violated his constitutional rights.

Plaintiff should supply a copy of his arrest report, booking sheet, and any court minutes or orders related to his arrest, detention, and outcome of those charges.

## Conclusion

Before this court determines the proper disposition of the claims, Plaintiff should be given the opportunity to remedy the deficiencies of his complaint, as specified herein. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

**Accordingly, IT IS ORDERED that Plaintiff supplement and amend his complaint within thirty (30) days of the filing of this order to provide the specific information outlined**

above.

Failure to comply with this order may result in dismissal of this action under Rule 41(b)

or 16(f) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED at Monroe, Louisiana, this 1st day of March, 2017.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE