UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JERROD COOPER (#14160)** | **DOCKET NO. 5:16-CV-1706-P** |
| **VERSUS** | **JUDGE ELIZABETH E. FOOTE** |
| **COLIN ROGERS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Pro se Plaintiff Jerrod Cooper filed the instant civil rights complaint (42 U.S.C. §1983) on December 12, 2016 (Doc. 1), and he was granted leave to proceed *in forma pauperis* on February 7, 2017 (Doc. 8). According to his complaint, Plaintiff is a pretrial detainee incarcerated at the Claiborne Parish Detention Center. Plaintiff complains that he was arrested after an illegal traffic stop, was subjected to excessive force, and was denied adequate medical treatment. Named as defendants are Officers Colin Rogers, Thomas Davis, Robbie Tucker, and the Homer Police Department.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

**Factual Background**

Plaintiff alleges that Defendant Rogers violated his constitutional rights by initiating an illegal traffic stop of a vehicle in which Plaintiff was the rear seat passenger. (Doc. 1, p. 3; Doc. 10, p 1). Plaintiff was arrested during the course of the traffic stop and charged with: possession of a schedule II controlled substance; possession with intent to distribute synthetic marijuana; possession with intent to distribute marijuana; obstruction of justice; resisting an officer with force; flight from an officer; and, resisting an officer by false identification. (Doc. 10, p. 1).

Plaintiff alleges that Defendant Tucker deployed a Taser unnecessarily. (Doc. 10, p. 1).

Plaintiff alleges that Defendants Davis and Rogers denied him medical treatment and forged Plaintiff's signature on a medical waiver form. (Doc. 1, p. 3). However, Plaintiff also alleges that the officers called an ambulance to examine him. (Doc. 10, p. 1).

## Law and Analysis

### I. Screening

Plaintiff is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 8). As a prisoner seeking redress from an officer or employee of a governmental entity, Plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, Plaintiff's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### II. Illegal Stop and Excessive Force

Plaintiff complains that he was arrested pursuant to an illegal traffic stop, and that Defendant Tucker deployed a Taser unnecessarily. (Doc. 6, p. 1). Plaintiff has been charged with possession

of drugs, obstruction of justice, resisting an officer, and flight from an officer. He is awaiting trial on these charges. If Plaintiff is ultimately convicted of the offenses, he may not be entitled to seek compensatory damages for his excessive force and wrongful arrest claims until such time as the convictions have been declared invalid. See Heck v. Humphrey, 512 U.S. 477 (1994).

Since the criminal prosecution remains pending, Heck does not yet apply. See Wallace v. Kato, 549 U.S. 384 (2007) (The Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. See Wallace, 549 U.S. at 393–94 ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.").

Thus, in accordance with the principals announced in Heck v. Humphrey and Wallace v. Kato, Plaintiff's claim for damages for wrongful arrest and excessive force should be stayed pending the results of the criminal prosecution.

### III. Medical Care

Plaintiff alleges that the Defendants Davis and Rogers denied him adequate medical care after his arrest, particularly for back and neck pain. However, according to his exhibits and pleadings, Defendants called an ambulance to examine Plaintiff, who complained of pain from being tased and knee pain from scraping his knee on the ground. Plaintiff did not mention neck or back pain to the paramedic. (Doc. 10-1, p. 8). The paramedic noted that Plaintiff had a left knee abrasion,

and was alert and oriented to person, place, time, and event. His airway was open and secure, and Plaintiff was breathing at a normal rate with no distress observed. Plaintiff consented to an assessment and treatment. Plaintiff's vital signs were good. The paramedic noted that Plaintiff refused transport against medical advice. Because Plaintiff was in custody, he was unable to sign the report, so a Homer police officer signed on Plaintiff's behalf. (Doc. 10-1, p. 8).

In Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996), the Fifth Circuit held that the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement. The prisoner or detainee must show that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Only deliberate indifference, "an unnecessary and wanton infliction of pain ... or acts repugnant to the conscience of mankind," constitutes conduct proscribed by the Eighth Amendment. See Estelle, 429 U.S. at 105–06; Hare, 74 F.3d at 650. Deliberate indifference means that a defendant knows that the inmate faces a substantial risk of serious harm, and disregards that risk by failing to take reasonable measures to abate it. See Farmer v. Brennan, 511 U.S. 825, 847 (1994).

Defendants were not deliberately indifferent to Plaintiff's serious medical needs and did not disregard a substantial risk of serious harm. Defendants called an ambulance, and the paramedics examined Plaintiff. According to a paramedic, Plaintiff's vital signs were good, and he had no life-threatening injuries.

Plaintiff's claim that Defendants forged his signature to refuse medical care is belied by the paramedic's report. The paramedic states: "patient was able to repeat back these risks and benefits

4

in own words showing that the patient was aware of the situation and able to make an informed refusal of care." (Doc. 10-1, p. 8). The report also states that the officer signed for Plaintiff due to the fact that Plaintiff was handcuffed. (Doc. 10-1, p. 8).

To the extent that Plaintiff needed additional medical care beyond the initial examination at the time of the arrest, he could have sought medical treatment at the facility to which he was transported and confined. The facts alleged do not support a claim of deliberate indifference against Defendants Davis and Rogers.

### IV. Homer Police Department

The capacity of an individual to sue or be sued is determined by the law of the person's domicile or by the law of the state in which the district court is situated. Fed.R.Civ.P. 17(b). Therefore, Louisiana law determines the status of the Homer Police Department. Louisiana Civil Code article 24 provides, in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."

Plaintiff has not alleged or shown that the Homer Police Department enjoys a separate legal existence. Similarly, in Dugas v. City of Breaux Bridge Police Department, 99-1320 (La.App. 3d Cir. 2/2/00), 757 So.2d 741, writ denied, 2000-0671 (La. 4/20/00), 760 So.2d 1159, the court concluded the police department did not have the "legal capacity to be a ... party to litigation." Id. at 744. See also, Ned v. Eunice Police Dep't, No. 6:16-CV-1035, 2016 WL 7976132, at *2 (W.D. La. Dec. 14, 2016), judgment entered, No. CV 16-1035, 2017 WL 376494 (W.D. La. Jan. 23, 2017) (city police department is not a separate legal entity); Winn v. New Orleans City, 919 F. Supp. 2d 743, 750 (E.D. La. 2013) (Court has found no law that confers upon the NOPD the authority to sue or be sued); Cormier v. Lafayette City Par. Consol. Gov't, No. 6:09-CV-0703, 2011 WL 5156862,

at *2 (W.D. La. Oct. 28, 2011) (Lafayette City Police Department is not a juridical person with the legal capacity to be sued.).

## Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claim for damages for wrongful stop/arrest and excessive force against Defendants Rogers and Tucker be STAYED under the following conditions:

 a. If Plaintiff intends to proceed with his claims, within thirty (30) days of the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;

 b. If the stay is lifted and the court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under Heck; if no such finding is made, the action will proceed at that time, absent some other bar to suit; and,

 c. In light of the stay, Plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded.

IT IS FURTHER RECOMMENDED that Plaintiff's medical care claim against Defendants Davis and Rogers be DENIED and DISMISSED, with prejudice, pursuant to §§ 1915(e)(2)(b) and 1915A, thereby dismissing Defendant Davis completely from this suit.

IT IS FURTHER RECOMMENDED that the Homer Police Department be dismissed from suit pursuant to §§ 1915(e)(2)(b) and 1915A.

## Objections

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may**

be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Monroe, Louisiana, this 13th day of April, 2017.

_____
Karen L. Hayes
United States Magistrate Judge