## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

JERROD COOPER                                CIVIL ACTION NO. 16-1706

                                             SECTION P

VS.

                                             JUDGE ELIZABETH E. FOOTE

COLIN ROGERS, ET AL.                         MAG. JUDGE KAREN L. HAYES

### REPORT AND RECOMMENDATION

Plaintiff Jerrod Cooper is confined at Claiborne Parish Detention Center and is proceeding pro se and in forma pauperis. He filed the instant Complaint on December 12, 2016, under 42 U.S.C. § 1983. He names Colin Rogers and Robbie Tucker as Defendants.[1] He seeks $75,000.00 in compensation for his various claims. For the following reasons, it is recommended that Plaintiff's illegal stop and wrongful arrest claims, as well as his remaining claim against Defendant Colin Rogers, be **DISMISSED WITH PREJUDICE**.[2]

### Background

Plaintiff alleges that, on September 24, 2016, Defendant Rogers conducted an illegal traffic stop of a vehicle in which Plaintiff was a passenger. Rogers claimed that the driver failed to stop at a stop sign. Defendant Tucker "supposedly smelled marijuana and promised the driver that she wouldn't receive a traffic ticket if she openly gave consent to have her vehicle searched."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Plaintiff sets forth an additional claim in his Complaint that is not subject to the instant Report and Recommendation. The undersigned directed the Clerk of Court, in a separate Memorandum Order, to serve Plaintiff with summons forms for the additional claim.

Plaintiff also alleges that Defendant Tucker deployed a Taser unnecessarily. Defendants Tucker and Rogers then denied Plaintiff medical treatment and forged his signature on a medical waiver form.

Plaintiff was thereafter arrested and charged with "possession of schedule II CDS; possession with intent to distribute schedule I (synthetic marijuana); possession with intent to distribute schedule I (marijuana); obstruction of justice; resisting an officer with force; flight from an officer; [and] resisting an officer by false I.D."

On November 16, 2017, the Court dismissed the Homer Police Department from the suit, dismissed Plaintiff's inadequate medical care claim, and stayed Plaintiff's wrongful stop/arrest and excessive force claims.

On May 29, 2018, Plaintiff informed the Court—and the Court confirmed[3]—that he pled guilty to "possession with intent to distribute" and that the prosecution dismissed the remaining charges.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is an inmate who has been permitted to proceed in forma pauperis.  As an inmate seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[4]  *See Martin v. Scott,* 156 F.3d 578, 579-

---

[3]  TELEPHONE CALL TO CLAIBORNE PARISH CLERK OF COURT (June 18, 2018).

[4]  Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the

complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. *Heck v. Humphrey***

Plaintiff alleges that Defendants conducted an unlawful stop and falsely arrested him; however, Plaintiff pled guilty to possession of a controlled dangerous substance with intent to distribute, a crime arising form the alleged unlawful stop and arrest. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Here, prevailing on the false arrest and unlawful seizure claims would necessarily imply the invalidity of Plaintiff's conviction for possession of a controlled dangerous substance with intent to distribute. "'[F]alse arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 Fed. App'x. 578, 583 (5th Cir. 2012)). When a plaintiff pleads guilty to a charge for which he was arrested, allowing him to proceed on his false arrest claim "would necessarily implicate the validity of [his] convictions because the same conduct that formed the probable cause for [his] arrest also provided the basis for [his] convictions." *Id.* (citing *Wells v.*

4

*Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].")).[5]

Likewise, Plaintiff's unlawful stop claim, which is predicated on a lack of reasonable suspicion, is a collateral attack on the conviction because the conviction is founded on evidence derived from the officer's reasonable suspicion and subsequent stop. See *Jackson v. Vannoy*, 49 F.3d 175, 176 (5th Cir. 1995) (applying *Heck* to an unlawful vehicular stop clam); *Wallace v. Kato*, 549 U.S. 384, n.5 (2007) ("[A] Fourth Amendment claim can necessarily imply the invalidity of a conviction . . . .") *Agard v. Sanders*, 2006 WL 2128079, at *3 (N.D. Tex. July 31, 2006) (finding that the plaintiff's unlawful traffic stop claim would, if proved, implicate the validity of his guilty plea because the evidence discovered following the stop would be subject to suppression).[6]

---

[5] See also *Connors v. Graves*, 538 F.3d 373, 377 (5th Cir. 2008) (noting that a guilty plea is a conviction and reasoning that, if the plaintiff "were to prevail on his unlawful seizure claim, he would necessarily undermine the validity of these convictions."); *Ballard v. Burton*, 444 F.3d 391 (5th Cir. 2006) (holding that *Heck* applies even where a plaintiff pled guilty under *Alford* and maintained his innocence); *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004) (former inmate's false arrest claim necessarily challenged whether evidence, which officer seized following an allegedly illegal stop, and which led to his subsequent conviction, supplied probable cause for his arrest; thus claim was not cognizable absent showing that the conviction had been invalidated); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015) ("Because a showing that there was no probable cause for the challenged entry, search, seizure, and arrest would call into question the validity of [plaintiff's] resulting conviction for unlawful possession of a controlled substance with intent to deliver in a drug-free zone," the plaintiff's claims were barred by *Heck*); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

[6] See also *Handshaw v. Hilliard*, 2015 WL 5177623, at *4 (S.D. Miss. Sept. 4, 2015) (finding a false arrest claim "*Heck* barred" and reasoning that "if Defendants' stop of Plaintiff, the occurrences surrounding his being taken into custody, and the subsequent search incidental to arrest [which revealed the drugs that were essential to the criminal charge] were determined unconstitutional . . . , such a holding would cast into doubt or potentially invalidate Plaintiff's

Thus, Plaintiff may not seek damages for an unlawful stop or false arrest until his conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.[7]   These claims should be dismissed.

## 3. Defendant Colin Rogers

Plaintiff does not allege that Defendant Colin Rogers was personally involved in depriving him of a constitutional right.  Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 (emphasis added).  If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights.  See *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

Plaintiff's only remaining allegation is that Defendant Tucker shocked him with a Taser

---

drug possession charge."); *Lister v. Perdue*, 2015 WL 864834, at *1 (N.D. Tex. Feb. 27, 2015); *Scallion v. Red River Par.*, 2006 WL 2524159, at *2 (W.D. La. Aug. 25, 2006).

[7] While "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial . . . [b]ecause of doctrines like independent source[,] inevitable discovery, and [] harmless error," Plaintiff's allegations do not suggest that any of these doctrines would, following a finding by this Court that the officers lacked either reasonable suspicion or probable cause, validate Plaintiff's conviction.  See *Heck*, 512 U.S. at n.7 (alterations to original and cited sources omitted); see also *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) ("If proved, however, [the plaintiff's] false arrest claim necessarily would call into question his conviction as a felon in possession of a firearm. Specifically, if the arresting officers lacked probable cause to arrest Hudson for burglary and the arrest is invalid, the firearm discovered in Hudson's possession as a result of the arrest would be subject to suppression under the Fourth Amendment as the 'fruit' of an illegal arrest. Moreover, it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case . . . .").

device.  He does not allege, and an attachment to his Amended Complaint reveals, that Defendant Rogers did not deploy the Taser.  [doc. #s 1; 10; 10-1, p. 10].  Accordingly, Plaintiff's claim against Defendant Rogers should be dismissed.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Jerrod Cooper's illegal stop and wrongful arrest claims be **DISMISSED WITH PREJUDICE** as frivolous[8] until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claim against Defendant Colin Rogers be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief can be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

---

[8]  See *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 20th day of June, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE